# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONZELL JOSEPH SAMUELS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-42

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following the denial of his motion to suppress evidence obtained during a search of his residence, Defendant-Appellant Donzell Joseph Samuels, Jr., entered a conditional guilty plea to one count of possession of a firearm and ammunition by a felon. In this appeal, Samuels challenges the denial of his motion to suppress. On appeal of the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30355

novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Solis*, 299 F.3d 420, 435-36 (5th Cir. 2002).

Samuels first contends that the district court erred in determining that the search was permissible based on his status as a probationer. He contends further that the district court erred in finding that the search was lawful based on his consent and that of his wife at the time, Zeshauntel Taglieri. We need not reach Samuels's assertions regarding the propriety of the search based on his probation because we affirm the denial of his motion to suppress based on the district court's finding regarding consent.

Warrantless searches are per se unreasonable under the Fourth Amendment, subject to a few specific exceptions. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.* When a search is based on consent, the government has the burden of proving, based on the totality of the circumstances, that consent was voluntarily given. *United States v. Dilley*, 480 F.3d 747, 749 (5th Cir. 2007). We have recognized six factors that are relevant to deciding voluntariness of consent: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. *United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir. 1995) (internal quotation marks and citations omitted).

The district court's determinations as to the existence and voluntariness of consent are questions of fact that we review for clear error. *Dilley*, 480 F.3d at 749; *Solis*, 299 F.3d at 436. "A factual finding is not clearly erroneous as

No. 15-30355

long as it is plausible in light of the record as a whole." *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010) (internal quotation marks and citation omitted).

In this case, it was plausible, based on the record as a whole, for the district court to find that Taglieri voluntarily allowed the officers to enter the house, and that thereafter she voluntarily gave her oral and written consent to search the house, which she lived in and owned, before any search of the house began. *See Solis*, 299 F.3d at 436-39. Furthermore, based on the record as a whole, the district court also did not clearly err in ruling that the search of the house occurred with Samuels's voluntary oral consent prior to his removal from the premises. *See id.*

AFFIRMED.